UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Docket No. |
| Plaintiff, | ) ) ) | 07 MJ 2976 |
| v. | ) ) | COMPLAINT FOR VIOLATION OF: |
| Enrique RODRIGUEZ-Rivas, | ) ) ) | Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |
| Defendant | ) ) ) | |

FILED
07 DEC 26 AM 11: 35

The undersigned complainant, being duly sworn, states:

On or about **December 23, 2007** within the Southern District of California, defendant, **Enrique RODRIGUEZ-Rivas**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **26th** DAY OF **DECEMBER 2007.**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Enrique RODRIGUEZ-Rivas

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On December 23, 2007, at approximately 3:00 P.M Border Patrol Agent M. Gomez was performing line watch operations near Campo, California. Agent Gomez was advised of a seismic intrusion device activation by Sector Dispatch near an area commonly known as "Zuellners." This area is approximately seven miles east and 500 yards north of the Tecate, California Port of Entry. Upon arriving in the area, Agent Gomez encountered seven individuals, including one later identified as the defendant **Enrique RODRIGUEZ-Rivas**, hiding in the brush. Agent Gomez identified himself as a Border Patrol Agent and questioned each of the individuals as to their immigration status. All seven subjects, including the defendant, freely admitted to being citizens and nationals of Mexico. Agent Gomez took all seven subject, including the defendant, into custody and transported them to the Tecate, California processing center for further record checks.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on May 19, 2005** through **Calexico, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was read his Miranda rights, which he acknowledged and was willing to make a statement without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally. The defendant stated that he had not applied for permission to re-enter the United States following his deportation.

**Executed on December 25, 2007 at 9:30 A.M.**

_____
Raul Castorena
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **December 23, 2007**, in violation of Title 8, United States Code, Section 1326.

_____                    12/25/07 - 1125 AM
Leo S. Papas                                     Date/Time
United States Magistrate Judge